**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Criminal Case No. 10-cr-00542-REB-13

UNITED STATES OF AMERICA,

     Plaintiff,

v.

13.  ANDREW MARTINEZ,

     Defendant.

_____

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON THE ENTRY OF A PLEA OF GUILTY**

_____

**Blackburn, J.**

On May 20, 2011, I conducted a change of plea hearing during which, after advisement under Fed. R. Crim. P. 11, the defendant entered his plea of guilty to the crime prescribed in his plea agreement. However, by **Minute Order** [#535] entered October 11, 2011, the court granted the **Joint Motion To Withdraw Guilty Plea and Amended Notice of Disposition** [#528] filed October 6, 2011, to allow the parties to submit a second proposed plea agreement.

Thus, on October 20, 2011, I conducted a second change of plea hearing during which (1) the defendant, his counsel, counsel for the government, and I formally reviewed and considered the new plea agreement of the parties as stated in a second set of Court's Exhibits 1 and 2 ("plea agreement"); (2) I rearraigned the defendant under Fed. R. Crim. P. 10; and (3) I formally advised the defendant and conducted providency proceedings under Fed. R. Crim. P. 11.

Based upon my **Minute Order** [#535] entered October 11, 2011, granting the **Joint Motion To Withdraw Guilty Plea and Amended Notice of Disposition** [#528] filed October 6, 2011, my exchange and colloquy with the defendant under oath in open court on the record;

based upon the representations, remarks, and statements of counsel for the government and counsel for the defendant; based upon my review of the file and my review of the written plea agreement as stated in Court's Exhibits1and 2, I enter the following findings of fact and conclusions of law:

That the second plea agreement as presented in the second set of Court's Exhibits 1 and 2 supplant and supersede Court's Exhibits 1 and 2 filed on May 20, 2011, as [#323] and [#324], respectively;

That the defendant appeared to be alert and not under the influence of or impaired by drugs, narcotics, marihuana, alcohol, medication, or intoxicants;

That the defendant was competent and fully understood the nature, circumstances, and essential elements of the offense to which his plea of guilty was entered;

That the defendant understands clearly that the government has the right in a prosecution for perjury or false statement to use against the defendant any statement that the defendant gives under oath;

That the defendant understood the direct and collateral consequences that he may suffer or experience as a result of his participation in the plea agreement, his plea of guilty, and the resultant felony conviction and sentence;

That the defendant's plea of guilty to this second plea agreement was made and entered voluntarily, knowingly, intelligently and intentionally, and was not the result of mistake; misunderstanding, fear, force, threats, coercion, or undue influence by anyone;

That the defendant's plea of guilty was not the result of any promise or inducement made by anyone, including legal counsel, except as previously indicated on the record and included in the written plea agreement;

That the defendant understood each of his legal rights, including the rights enumerated at Fed. R. Crim. P. 11(b)(1)(B) and (E), and his right to a trial by jury and his right to be represented throughout this criminal case by an attorney even if indigent; and that the defendant freely, voluntarily, knowingly, intelligently, and intentionally waived his rights and privileges, including the right to trial by jury and his right to appeal any pretrial order or ruling of the court, but excepting his right to be represented throughout this criminal case by an attorney even if indigent;

That the defendant understood the maximum possible penalties, including imprisonment, fine, and term of supervised release;

That the defendant understood that in imposing sentence, I must consult and consider the purposes and goals of sentencing as prescribed by Congress, the relevant provisions of the advisory United States Sentencing Guidelines, any motion for a sentence departure or variance, and the provisions of 18 U.S.C. § 3553 (a)(1)-(7);    That the defendant understood that the court will not be bound by any representations by anyone concerning the penalty to be imposed, except as specified in the plea agreement or on the record;

That the defendant, the government. and the court understand that pursuant to Fed. R. Crim. P 11(c)(1)(C), the parties have stipulated to a concurrent sentence of imprisonment within a range of 41 to 51 months;

That a factual basis existed to support and sustain the plea agreement and the defendant's plea of guilty;

That the defendant has been represented at this second change of plea hearing and throughout this case by effective and competent counsel with whom the defendant has no objection, criticism, or complaint whatsoever;

3

That the defendant had sufficient time to read, review, discuss, and consider this second plea agreement and to discuss it carefully and thoroughly with his attorney;

That the defendant read, understood, and accepted each and every term and provision within this second plea agreement, which he reviewed carefully and thoroughly with his attorney;

That this second plea agreement conformed in form and substance to the requirements of law, including The Local Rules of Practice of the United States District Court for the District of Colorado-Criminal; and

That on the record considered as a whole, I conclude that I may properly accept the defendant's plea of guilty, which was entered in the context of the second plea agreement, and defer formal approval of the plea agreement as stated in Court's Exhibits 1 and 2, pending opportunity to consider the presentence report.

Dated October 20, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge